**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> WILLIE JUNIOR CARTER, <br> Defendant. | No. 17-CR-2045-LRR <br> **ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Willie Junior Carter's Objections (docket no. 324) to United States Chief Magistrate Judge C.J. Williams's Report and Recommendation (docket no. 320), which recommends that the court deny Defendant's Motion to Suppress Evidence ("Motion") (docket no. 292).

## *II. RELEVANT PROCEDURAL BACKGROUND*

On February 22, 2018, a grand jury returned a Superseding Indictment (docket no. 170) charging Defendant with one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* Superseding Indictment at 2, 6-7. On May 8, 2018, Defendant filed the Motion. On May 15, 2018, the government filed a Resistance (docket no. 308). On May 21, 2018, Judge Williams held a hearing ("Hearing") on the Motion. *See* May 21, 2018 Minute Entry (docket no. 313). Defendant appeared in court with attorney Anne M. Laverty. Assistant United States Attorney Emily K. Nydle represented the government. On May 30, 2018, Judge Williams issued the Report and Recommendation, which recommends that the court deny the Motion. On June 13, 2018, Defendant filed the Objections. The matter is fully submitted and ready for decision.

## III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake[] a de novo review of the disputed portions of a magistrate judge's report and recommendations"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the disputed portions of the Report and Recommendation de novo.

## IV. RELEVANT FACTUAL BACKGROUND[1]

On January 12, 2017, Waterloo Police Department Officer Albert Bovy was on routine patrol in a marked police vehicle. Officer Bovy was contacted by Waterloo Police Department Investigator Michael Girsch, who was conducting a narcotics investigation. Investigator Girsch advised Officer Bovy that Defendant was driving without a valid driver's license, and that Officer Bovy should conduct a traffic stop if possible.

---

[1] After reviewing the Hearing Transcript (docket no. 330), the court finds that Judge Williams accurately and thoroughly set forth the relevant facts in the Report and Recommendation. *See* Report and Recommendation at 2-6. Therefore, the court shall only briefly summarize the facts here. When relevant, the court relies on and discusses additional facts in conjunction with its legal analysis.

Investigator Girsch provided Officer Bovy with the color, make, model and license plate number of Defendant's vehicle. Officer Bovy independently checked Defendant's driver's license information, viewed his photograph and confirmed that his license was suspended.

Shortly after speaking with Investigator Girsch, Officer Bovy observed Defendant driving southbound on Ashland Avenue. Officer Bovy visually confirmed that Defendant was operating the vehicle, having just viewed Defendant's photograph. Officer Bovy was driving westbound on Newton Street as both he and Defendant approached the intersection of Ashland Avenue and Newton Street. That intersection is not controlled by a traffic light or a stop sign. Officer Bovy observed that Defendant was driving too fast for the snowy and icy road conditions. After Defendant passed through the intersection, Officer Bovy turned south on Ashland Avenue to pursue Defendant and activated his top lights. Defendant continued southbound towards Kern Street and drove into the intersection of Kern and Ashland, in disregard of a stop sign. Defendant turned right onto Kern Street and drove partially up the next block before stopping.

After Defendant pulled over, Officer Bovy approached Defendant's vehicle on foot. Defendant verbally confirmed both his identity and that he did not have a valid driver's license. During the traffic stop, Defendant appeared nervous and was sweating profusely despite the cold temperature. Officer Bovy asked Defendant to exit the vehicle, which he did. At that point, Officer Bovy attempted to handcuff Defendant, whereupon Defendant attempted to flee on foot. Defendant slipped in the snow, and Officer Bovy was able to handcuff him. During a search incident to arrest, Officer Bovy discovered approximately twelve grams of cocaine base in Defendant's pocket. Defendant subsequently made incriminating statements during a post-arrest interview.

## *V. ANALYSIS*

In the Motion, Defendant argues that Officer Bovy "lacked reasonable suspicion to initiate a legal traffic stop on January 12, 2017," and that all evidence recovered after the

stop must be suppressed. Motion at 3. Judge Williams found that "Officer Bovy had reasonable suspicion to initiate the traffic stop for three independent violations: (1) driving without a license; (2) failure to maintain a safe speed, and; (3) failure to appropriately stop at a stop sign." Report and Recommendation at 7. Judge Williams further found that, even if the initial detention were invalid, "[D]efendant's attempted flight after the traffic stop establishe[d] an additional and independent basis for the arrest and subsequent search of his person, the police interview, and [D]efendant's incriminating statement." *Id*. at 9.

Defendant does not object to Judge Williams's finding that Officer Bovy's traffic stop was lawful based on his reasonable suspicion that Defendant was driving without a license. *See generally* Objections. Additionally, upon review of the record, the court finds that Officer Bovy had reasonable suspicion, and, in fact, probable cause, to believe that Defendant was driving without a valid license. Officer Bovy thus had reasonable suspicion and probable cause to initiate the traffic stop, and there is no basis to suppress the evidence that was recovered thereafter. Accordingly, Defendant's objections to Judge Williams's alternative findings are moot. Nevertheless, the court will review the disputed portions of the Report and Recommendation de novo.

### A. Arrival at the Intersection

In Objection 1, Defendant objects to Judge Williams's finding that "Officer Bovy arrived at the intersection of Newton Street and Ashland Avenue before Defendant." *Id*. at 1. Upon review of the Hearing Transcript, the court finds that Officer Bovy testified that he would have arrived at the intersection well before Defendant if Defendant had not been driving at an unsafe speed. Officer Bovy, however, had to slow his vehicle and allow Defendant to pass through the intersection first in order to avoid a collision. *See* Hearing Transcript at 7, 15. Officer Bovy's testimony is supported by the video from his dashboard camera. *See* Hearing Exhibit 1. Therefore, the court shall sustain this factual objection.

### B. *Right-of-Way*

In Objection 2, Defendant objects to Judge Williams's finding that "Officer Bovy had the right-of-way at the intersection vis-à-vis Defendant." Objections at 1. When two vehicles approach an uncontrolled intersection at or near the same time, the Iowa Code gives the right-of-way to the vehicle on the right. *See* Iowa Code § 321.319. Defendant's vehicle was on the right and, as noted above, Defendant arrived at the intersection slightly before Officer Bovy because Defendant was driving at an unsafe speed. Therefore, Defendant had the right-of-way. Accordingly, the court shall sustain this factual objection to the extent that it concerns right-of-way.

Defendant concludes Objection 2, however, by stating that "Defendant did not commit this traffic violation." Objections at 2. The court notes that Judge Williams did not find that Defendant committed the traffic violation of failure to yield the right-of-way, but rather of driving at an unsafe speed. *See* Report and Recommendation at 8. As discussed below, the court finds that Defendant was driving at an unsafe speed. Therefore, to the extent that Defendant objects to the finding that he committed a traffic violation, the court shall overrule this objection.

### C. *Defendant's Wheels*

In Objection 3, Defendant objects to Judge Williams's finding that Officer Bovy "saw Defendant's wheels lock up as the car slid through the intersection." Objections at 2 (quotations omitted). At the Hearing, Officer Bovy testified that he witnessed Defendant driving at a high rate of speed and that the wheels of his car locked up as he attempted to brake at the intersection of Ashland Avenue and Newton Street. *See* Hearing Transcript at 7. Upon review of the Hearing Transcript, the court finds Officer Bovy to be a credible witness and credits the testimony that he observed Defendant's wheels lock up as the car moved through the intersection. Officer Bovy's testimony is supported by Hearing Exhibit

5

1, which shows Defendant's wheels locking and his car sliding on the ice through the intersection. *See* Hearing Exhibit 1. Therefore, the court shall overrule this objection.

### D. Speeding Violation

In Objection 4, Defendant objects to Judge Williams's finding that "Defendant was driving too fast for the icy and snow-covered road conditions." Objections at 2 (quotation omitted). Defendant notes that "Officer Bovy did not issue a speeding citation or reckless driving citation to Defendant." *Id*. Upon review of the record, the court finds that Defendant was driving at an unsafe speed. As noted above, the court finds that Officer Bovy was a credible witness and credits his testimony that he had to slow his vehicle to avoid colliding with Defendant's vehicle because Defendant was driving at an unsafe speed. *See* Hearing Transcript at 7, 15. Officer Bovy's testimony is supported by the video evidence, which shows Defendant driving at an unsafe speed and being unable to brake in the icy conditions. *See* Hearing Exhibit 1. The fact that Officer Bovy did not issue a traffic citation to Defendant does not undermine the clear evidence that Defendant committed a traffic violation. Therefore, the court shall overrule this objection.

### E. Stop-Sign Violation

In Objections 5 and 6, Defendant objects to Judge Williams's finding that Defendant "slid past a stop sign at . . . Kern Street and Ashland Avenue." Objections at 2. Defendant does not dispute that he failed to stop behind the stop sign, but argues that he came to a stop "before entering the intersection" and that the Iowa Code "does not require . . . a driver to stop behind the stop sign." *Id*. at 2-3 (emphasis omitted). Defendant is correct that the Iowa Code does not necessarily require that a driver stop behind a stop sign, but rather that a driver stop "before entering the intersection" at a "stop intersection indicated by a stop sign." Iowa Code § 321.322(1). However, the video evidence clearly shows that Defendant drove well into the intersection before coming to a stop. *See* Hearing Exhibit 1. Therefore, Judge Williams correctly found that Defendant violated

Iowa Code § 321.322. *See* Report and Recommendation at 9. Accordingly, the court shall overrule these objections.

### F. Flight from Arrest

In Objection 7, Defendant objects to Judge Williams's finding that Defendant's "post-traffic stop attempted flight from arrest established an alternative independent basis for the search and subsequent incriminating statements." Objections at 3. Defendant argues that flight after an illegal detention cannot justify a subsequent arrest and search when "the purpose of the illegal stop was to arrest Defendant." *Id*. at 4 (emphasis omitted) (citing *United States v. O'Connell*, 408 F. Supp. 2d 712 (N.D. Iowa 2005)). Defendant further argues that, because Investigator Girsch directed Officer Bovy to conduct the traffic stop, "the police were exploiting the opportunity for a traffic stop because they intended to arrest Defendant." *Id*. at 5 (quotation omitted).

The exclusionary rule does not apply when "the causal chain between an illegal arrest and evidence discovered afterwards [is] broken." *United States v. Ramos*, 42 F.3d 1160, 1164 (8th Cir. 1994). "The Eighth Circuit Court of Appeals has held that some intervening voluntary acts on the part of the arrestee, such as consenting to the search or resisting arrest, may be sufficient to purge the taint of an illegality." *O'Connell*, 408 F. Supp. 2d at 725; *see also, e.g., United States v. Dickson*, 64 F.3d 409, 410-11 (8th Cir. 1995). Any such act must be "sufficiently an act of free will to purge the taint of the preceding illegal detention." *Ramos*, 42 F.3d at 1164. Fleeing or otherwise unlawfully resisting arrest after an illegal detention creates a basis for a search and arrest that is sufficiently attenuated from the initial illegality. *See United States v. Dawdy*, 46 F.3d 1427, 1431 (8th Cir. 1995) ("[A] defendant's response to even an invalid arrest or *Terry* stop may constitute independent grounds for arrest.").

Defendant relies on *O'Connell* to support his argument that the taint of his allegedly illegal detention cannot be purged because the purpose of Officer Bovy's traffic stop was

to arrest Defendant. *See* Objections at 3-5. Defendant's argument is misplaced because *O'Connell* is inapposite. In *O'Connell*, no voluntary act by the defendant broke the causal chain between the police's illegal action and the discovery of evidence. *See O'Connell*, 408 F. Supp. 2d at 719-23. Instead, the court addressed the question of whether the police's own act of making a lawful arrest could break the chain. *See id*. at 725-27. In this case, by contrast, Defendant's flight from Officer Bovy was an intervening, voluntary act on the part of Defendant that sufficiently purged the subsequent search from any taint of illegality. *See Ramos*, 42 F.3d at 1164. Therefore, even if none of the three independent grounds Officer Bovy had for detaining Defendant were valid, Defendant's arrest and search would still be lawful based on his flight from police. Accordingly, the court shall overrule this objection.

## VI. DISPOSITION

In light of the foregoing, the court **ORDERS**:

(1) The Objections (docket no. 324) are **OVERRULED IN PART** and **SUSTAINED IN PART**;

(2) The Report and Recommendation (docket no. 320) is **ADOPTED IN PART** and **MODIFIED IN PART**; and

(3) The Motion to Suppress (docket no. 292) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 20th day of June, 2018.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA